UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS SOLANO,<br><br>　　　　Petitioner,<br><br>　　　v.<br><br>DIAZ, Warden,<br><br>　　　　Respondent. | NO. CV 12-6510-RGK (AGR)<br><br><br>ORDER TO SHOW CAUSE |

　　　　On July 30, 2012, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  For the reasons discussed below, it appears the one-year statute of limitations has expired.

　　　　The court, therefore, orders Petitioner to show cause, on or before ***September 21, 2012***, why the court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

## I.
## PROCEDURAL BACKGROUND

In 1986, Petitioner pled guilty to robbery and was sentenced to 35 years in prison under California's Three Strikes law. (Petition at 2.) Petitioner did not appeal. (*Id.* at 2-3.)

On August 15, 2011, Petitioner filed a habeas petition in the California Court of Appeal, which was denied on August 26, 2011. California Appellate Courts Case Information in Case No. B235185. On February 27, 2012, Petitioner filed a habeas petition in the California Supreme Court, which was denied on May 23, 2012, with citations to *In re Robbins*, 18 Cal. 4th 770, 780 (1998),[1] among others. California Appellate Courts Case Information in Case No. S200435.

On July 22, 2012, Petitioner constructively filed the instant petition in this court. (Petition, back of envelope.)

## II.
## STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

---

[1] A citation to page 780 of *In re Robbins* is a "clear ruling that [a] petition was untimely." *See Thorson v. Palmer,* 479 F.3d 643, 645 (9th Cir. 2007).

**A.     The Date on Which Conviction Became Final – § 2244(d)(1)(A)**

Petitioner was sentenced sometime in "late 1986." (Petition at 2.) Assuming for the purpose of this order that he was sentenced at the latest on December 31, 1986, his conviction became final 60 days later on March 2, 1987.[2] California Rules of Court 8.308(a) (formerly Rule 30.1). Because the conviction became final before the AEDPA was enacted, the limitations period expired on April 24, 1997. *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003). The petition was constructively filed on July 22, 2012, over 15 years after the limitations period expired. Absent tolling, the petition is time-barred.

### 1.     Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Because Petitioner did not file his first state habeas petition until 2011, he is not entitled to statutory tolling. *See Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003) (state habeas petition filed after the limitations has expired does not revive the expired limitations period). Absent equitable tolling, the petition is time-barred.

### 2.     Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010). "[A] 'petitioner' is 'entitled equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is "reasonable

---

[2] 60 days from December 31, 1986, is March 1, 1987, which was a Sunday.

3

diligence," not "maximum feasible diligence."  *Id.* at 2565 (citations and quotation marks omitted).  The extraordinary circumstances must have been the cause of an untimely filing.  *Pace*, 544 U.S. at 418.  "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" circumstances" were the *cause* of [the prisoner's] untimeliness."'  *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphases in original).

There is no indication in the petition that Petitioner is entitled to equitable tolling.

### B.   Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

The statute of limitations may start to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  The statute starts to run when the petitioner knows or through diligence could discover the important facts, not when the petitioner recognizes their legal significance.  *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

Petitioner argues his trial counsel was ineffective.  (Petition, Attached Memorandum of Points and Authorities at 7.)  He states his counsel told him if he went to trial, he would be sentenced to at least 65 years in prison; his counsel "could be ineffective in a jury trial"; Petitioner should plead guilty while the "deal" was still available; and there was a deal for 18 years with half time.  (*Id.*)  Petitioner argues he was "forced" to heed his counsel's advice.  (*Id.* at 9.)

Petitioner was aware of counsel's alleged deficiencies at the time he pled guilty.  Therefore, § 2244(d)(1)(D) does not assist him.

## III.

## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **September 21, 2012**, Petitioner shall show cause, if there be any, why the court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations.

**Petitioner is also advised that if he fails to timely respond to this order to show cause, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED: August 20, 2012

ALICIA G. ROSENBERG
United States Magistrate Judge