UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS SOLANO,<br><br>    Petitioner,<br><br>    v.<br><br>DIAZ, Warden,<br><br>    Respondent. | NO. CV 12-6510-RGK (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the petition, records on file, and the Report and Recommendation of the magistrate judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected. The Court accepts the findings and recommendation of the magistrate judge.

    Petitioner was charged with various crimes in 1996. (Report at 2.) He pled guilty and did not appeal. (*Id.*) He filed his federal petition in July 2012. (*Id.* at 3.) The Report found the petition to be time-barred. In his Objections, Petitioner argues he "did not know he could attack his conviction until he met a jailhouse lawyer." (Objections at 4.) The inmate told Petitioner that his trial counsel was

ineffective for failing to file an appeal and for allegedly advising Petitioner that no appeal could be filed after a guilty plea. (*Id.* at 4-5.)

Petitioner is not entitled to a later accrual date as the statute of limitations begins to run on "the date on which the *factual predicate* of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D) (emphasis added). Petitioner was aware of the factual predicate after he pled guilty in the 1990s. Moreover, Petitioner met his jailhouse lawyer in March 2011. (Dkt. No. 18 at 6-7.) Even if the statute of limitations began to run as late as March 31, 2011, his petition would still be time-barred.

Petitioner's remaining objections are without merit.

IT IS ORDERED that Respondent's motion to dismiss be granted and that judgment be entered denying the petition and dismissing this action with prejudice.

DATED: January 10, 2014

R. GARY KLAUSNER
United States District Judge

2